THE CITY OF CINCINNATI v. LEVERETT G. STONE AND ME-
DAD W. STONE.

The liability of one person for damages arising from the negligence or mis-
feasance of another, on the principle of *respondeat superior,* is confined in its
application to the relation of master and servant, or principal and agent,
and does not extend to cases of independent contracts not creating those
relations, and where the employer does not retain the control over the *mode*
and *manner* of the performance of the work under the contract.

But where the employer retains the control and direction over the *mode* and
*manner* of doing the work, and an injury results from the negligence or mis-
conduct of the contractor or his servant or agent, the employer is placed
under a liability equal and similar to that which exists in the ordinary case
of principal and agent.

ERROR.   Reserved in the District Court of Hamilton county.

This was originally an action on the case brought in the
(former) Superior Court of Cincinnati, against the city, for
alleged negligence of her agents, causing an overflow of water
into the store of the Messrs. Stone.   The plea was the general
issue.   At the October term, 1852, of that court, the issue was
tried by jury ; and on the trial, a bill of exceptions was taken on
behalf of the defendant below, which shows this state of facts :

On the 16th of March, 1848, the city council of the city of
Cincinnati passed an ordinance to regrade, and repave with
boulder stones, Vine street, from Front to Third streets, in said
city.   On the 2d of May, in the same year, they directed their
clerk, by resolution, to contract with George Barton to do this
work, according to his proposition on file ; and on the 4th day of
May, the city clerk, in obedience to their resolution, entered into
a contract under seal with Barton, for the regrading and paving
thus directed.   This contract is of considerable length, and em-
bodies specific and detailed directions, of the nature of specifica-
tions, as to the kind and quality of work to be done, and the
manner of doing it ; and among other provisions contains this :
" the whole to be done under the direction of the city civil en-
gineer, or agent appointed by the city council for the same, who

shall have entire control over the manner of doing and shaping all or any part of the same, whose directions must be strictly obeyed, and, if he deem it necessary, the whole or any part of the said pavement, supposed by him not to fully comply with this contract, must be taken up and replaced at the expense of the contractor, agreeably to the said city engineer's or agent's directions, and in accordance with this contract." There are other provisions which bind the contractor to shape and assort the stone before bringing them on the ground, and to have them overhauled and assorted afterwards, if required by the city civil engineer, or other agent of the city, so that stone which are not suitable shall not be introduced into the pavement. The time within which the work was to be completed, was three and a half months.

In progressing with the work, Barton took up the stones from the former pavement, and before removing them left them for some time in heaps, many of these quite near the east gutter of the street. He brought the boulders and deposited them in piles also, before arranging them in the pavement, as required by the contract, and some of these too were near the same gutter. The effect of this was, to create a kind of dam in the east gutter, below the corner of Vine and Commerce streets, where the plaintiffs below had a feed store, and upon occasion of an extraordinary rain, the water thus obstructed rose and flowed back and over the pavement into the cellar of the plaintiffs below, doing the damage complained of.

It was also proved that Barton was repeatedly notified of the danger of an overflow, and that complaints were made to the street commissioner, and that he directed Barton to remove the obstructions to the free flow of water.

It was also in evidence, that Barton was a street paver by occupation, and had done considerable work for the city, and was considered by the council as a man to be " depended upon to do the work with ability, promptness, and fidelity ;" and that the work required by the contract exceeded, in cost, fifty dollars, and that the length of time allowed to the contractor was reasonable.

Upon this state of facts the court charged the jury, " that

under the contract proved in the case, George Barton, the contractor, was not an independent contractor, for whose neglect the city would not be liable; that the city had, by the contract, reserved to herself, through her "civil engineer and other agent," such a control over the manner of doing the work, and such a right to act for herself in case of disobedience of orders by the contractor, that George Barton, the said contractor, became the agent or servant of the city, for whose neglect in doing the work, while carrying out the contract, she is liable. If the jury find that the injury here resulted from the negligent and careless obstruction of the street by the contractor while doing the work under the contract, the city is liable, otherwise not."

To which instructions of the court to the jury, the counsel for the defendant below excepted; and the jury, under the charge of the court, rendered a verdict for the plaintiffs below, assessing their damages at $162.75. Whereupon counsel for the defendant below moved for a new trial, on the ground of supposed misdirection of the court to the jury, which motion the court overruled, and the defendant excepted.

It is now assigned for error, that the court erred in the charge to the jury, and also in overruling the motion for a new trial.

*Mills & Hoadly*, for plaintiff in error, cited: *Ex parte Hartop*, 12 Vesey, Jr., 352; *Langher* v. *Pointer*, 12 Eng. Com. L. Rep. 311; *Randleson* v. *Murray*, 35 Eng. Com. Law Rep. 342; *Quarman* v. *Burnett*, 6 Mees. & W. 499; *Milligan* v. *Wedge*, 40 Eng. Com. Law Rep. 177; *Rapson* v. *Cubitt*, 9 Mees. & W. 710; *Burgess* v. *Gray*, 50 Eng. Com. Law Rep. 577; *Allen* v. *Hayward*, 53 Ib. 956; *Rich* v. *Basterfield*, 56 Ib. 783; *Reedie* v. *North Western Railway Co.*, and *Hobbit* v. *Same*, 13 Jurist 659, and 4 Exch. Rep. (Welsby, Hurlstone & Gordon) 244; *Knight* v. *Fox et al.*, 5 Ib., and 1 Eng. L. & Eq. Rep. 477; *Overton* v. *Freeman et al.*, 73 Eng. Com. Law Rep., and 8 Eng. L. & Eq. Rep. 479; *Peachey* v. *Rowland et al.*, 76 Eng. Com. Law Rep. 181, and 16 Eng. L. & Eq. Rep. 442; *Ellis* v. *The Sheffield Gas Consumers' Co.*, 75 Eng. Com. Law Rep. 767, and 22 Eng. L. & Eq. 198; *Gayford* v. *Nicholls*, 9 Exch. (W. H. &

G.) 702; *Lowell* v. *Boston and Lowell R. R. Co.*, 23 Pick. 24; *Earl* v. *Hall*, 2 Metc. 353; *Brown* v. *Lent*, 20 Vermont 529; *Fish* v. *Dodge*, 4 Denio 311; *Blake* v. *Ferris*, 1 Selden 48; *City of Buffalo* v. *Holloway*, 14 Barb. 101, and 3 Selden 493; *Pack* v. *The Mayor, etc., of New York*, 4 Selden 222; *Kelly* v. *Same*, 1 Kernan 432; *Barry* v. *The City of St. Louis*, 17 Missouri 121.

*Mr. Riddle* for defendants in error.

The Reporter has been unable to find any brief for defendants in error.

BARTLEY, J.   The city of Cincinnati having given a contract to a person to regrade and repave a street, providing in the contract for " the work to be done under the direction of the city civil engineer, or agent appointed by the city council for the same, who shall have entire control over the manner of doing and shaping all, or any part of the same, and whose directions must be strictly obeyed," etc., the contractor carelessly and improperly left piles of stones and materials for the work at a place near or about the gutter of the street, where a nuisance was likely to be created, whereby, at the time of a rain, the water being obstructed, flowed back and over the pavement, on the premises and building of the defendants in error, doing the damage complained of.

The liability of one person for damages arising from the negligence or misfeasance of another, on the principle of *respondeat superior*, is confined in its application to the relation of master and servant, or principal and agent, and does not extend to cases of independent contracts not creating the relation of principal and agent, and where the employer does not retain the control over the *mode* and *manner* of the performance of the work under the contract.

But where the employer retains the control and direction over the *mode* and *manner* of doing the work, and an injury results from the negligence or misconduct of the contractor, or his servant or agent, the employer is placed under a liability equal and

similar to that which exists in the ordinary case of principal and agent.

In addition to the fact, in this case, that the city of Cincinnati retained the entire control and direction over the work, under the contract, it was a public duty enjoined on the city to remove all nuisances from the streets of the city, and to make no contracts for the improvement of the streets by which any nuisance would be created on the premises of the adjacent proprietors; the city was, therefore, clearly liable for the injury sustained by the negligence of the contractor, or of any of his subordinates in the performance of the work.

*Judgment affirmed.*