McCauley, J.
It is contended- on behalf of the city that it is not liable for the loss of the horse-, because the cistern was in process of construction by an independent *469 contractor when the injury occurred. The relation between the city and Barndt was clearly that of employer and independent contractor, and the rule is generally that for injuries occurring in the progress of work carried on by parties in that relation, the contractor alone is liable. But this liability is limited to those injuries which are collateral to the work to be performed, and which arise from the negligence or wrongful act of the contractor or his agents or servants. Where, however, the work to be performed is necessarily dangerous, or the obligation rests upon the employer to keep the subject of the work in a safe condition the rule has no application. This distinction has been taken in this state in a number of eases. Carman v. Railroad Co., 4 Ohio St., 399; Tiffin v. McCormack, 34 Id., 638; Hughes v. Railway Co., 39 Id., 461, and elsewhere, in McCafferty v. Railroad Co., 61 N. Y., 178; Prentiss v. Boston, 112 Mass., 43; Baltimore v. O’Donnell, 53 Md., 110; Logansport v. Dick, 70 Ind., 65; Crawfordsville v. Smith, 79 Id., 308; Robbins v. Chicago, 4 Wall., 657.
In this case, the cistern contracted for, was to be built ih a street, and to be eighteen feet wide and twenty feet deep. Such an excavation in a street unless protected to guard persons and animals using the street from falling into it, was necessarily dangerous. The city was under the statutory obligation at the time of the accident to keep its streets open, in repair, and free from nuisance, and it could not cast this duty upon a contractor, so as to relieve itself from liability to one who should receive an injury. It is primarily liable for an injury resulting from such dangerous place in a street. If it has required the contractor to assume the risk of such damage, it may have a remedy against him. But the public in the use of the streets may rely upon the legal obligation of the city to keep them free from dangerous places, or if such places become necessary to be made in the course of an improvement or work necessary or proper for the city to do, that it shall so guard them that no injury shall result in the ordinary use of the street.

Judgment affirmed.