## THE CITY OF CHERRYVALE V. J. F. STUDYVIN.
No. 15,123.   (91 Pac. 60.)

### SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Construction of Public Works— Necessity Does Not Excuse Negligence.* The fact that a work of municipal improvement being carried on by the municipality is of public benefit, or even a public necessity, does not exempt the municipality from liability for damages caused by negligence in the prosecution thereof.

2. ——— *Alleys—Construction of Sewers.* A city of the second class has control of the alleys therein and has the right to extend sewers under such alleys.

3. ——— *Injury to Building by Blasting—Burden of Proof.* Where the owner of a building abutting upon an alley through which the city is causing a ditch to be blasted for a sewer claims damages to his building by reason thereof, it is incumbent upon him to allege and prove that his building was damaged by exploding unnecessarily powerful blasts—that his injury is the result of negligence and not incidental to a careful prosecution of the work done with due regard to the place and surroundings.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed July 5, 1907. Affirmed.

*Travis Morse,* and *J. F. Bellamy,* for plaintiff in error.

*J. W. Holdren,* and *L. P. Brooks,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Studyvin sued the city for damages alleged to have been caused to his building by the negligence of the city in blasting a ditch for a sewer in an alley at the side of the building. He recovered judgment for $554, and the city claims that he was entitled to recover only the value of two panes of glass, broken by a rock thrown while blasting.

Whether the city was negligent in doing the blasting is practically the only issue under the pleadings, unless it be said that the allegation of the answer that if any injury occurred to Studyvin's building it resulted from the faulty and unworkmanlike manner in which it was constructed and the denial thereof constitute an issue.

The ownership of the building by Studyvin and the making of the sewer by the city are admitted.

A number of trial errors are assigned, but are grouped by counsel for the city as follow:

"Studyvin cannot recover in this case, except as to the two glass broken by projected stones, because the work then being done was a work of public necessity, and was being done in the usual customary way employed for doing such work under like circumstances, and the damage was caused by the jarring of the ground, which is a necessary consequence of the use of such means and methods in such work, and the damage resulted from inherent defects in the building itself, there being a failure to prove negligence on the part of the city."

The contention of the city that the injury to the

building occurred by the fault of Studyvin and not through the negligence of the city is based upon the following statement in the petition, viz.: "That at the time of the damage herein the walls of said building were not well settled, that they were green and the mortar used in laying the brick had not become well seasoned." This allegation was made in the petition in connection with a statement that the employees of the city had notice of the condition of the building and were therefore under obligation to exercise care commensurate with the evident danger. If the condition of the building was as alleged, and the employees had notice thereof, these facts were pertinent in determining the degree of care required to be observed in the blasting. It is certainly a novel proposition that the fact of owning a new building is *per se* contributory negligence.

The proposition that the work being done was of public necessity, and was being done in the usual, customary way of doing such work, and that the damages, other than the breaking of the window-panes, resulted from the jarring of the ground and the concussion of the air, and that the individual suffering damage thereby cannot recover from the government or municipality therefor, is not without the support of some authority. (See *Benner v. A. D. Co.,* 134 N. Y. 156, 31 N. E. 328, 17 L. R. A. 220, 30 Am. St. Rep. 649; *Cogswell v. N. Y., N. H. & H. R. R. Co.,* 103 N. Y. 10, 8 N. E. 537, 57 Am. Rep. 701.) However, later New York cases, while perhaps attaching greater importance to the fact that work of this character is prosecuted by the public and is of public utility than we might be inclined to give it, lay down the rule that negligence will not be presumed from the jarring of the earth or the concussion of the air, but the burden is upon the claimant to make it appear "that the explosion was unnecessarily violent and carelessly prepared for, having regard to the place and the surroundings." (*Holland House Co. v. Baird,* 169 N. Y. 136, 142, 62

N. E. 149. See, also, *Boothe v. R., W. & O. T. R. R. Co.,* 140 N. Y. 267, 35 N. E. 592, 24 L. R. A. 105, 37 Am. St. Rep. 552.) This rule we accept as a correct statement of the law. It is, of course, a general proposition that wherever an individual, a corporation or a municipality has the right to do, and does, a work of this character, and injury results therefrom to the property of another, without trespass thereon, it is incumbent upon the party injured, before he can recover for the injury, to allege and prove that such injury resulted from negligence in the doing of the work; in other words, that, with proper care and with regard to the place and surroundings, the work could have been accomplished without injury, but that in fact the work was done without such care and by reason thereof the injury resulted.

In this case the negligence of the city and its employees, after being warned of the greenness of the building and after being requested to put in lighter charges, was fully pleaded and was sustained by competent evidence, although some of the evidence was conflicting. The man in charge of the blasting testified, in part, that when blasting in the alley by the side of the building in question he generally exploded, at one time, what he called a round consisting of five holes, sixteen inches to two feet deep, in each of which was a stick and a quarter of dynamite, a stick being eight inches long. He also testified, in substance, that the rock at that place could have been blasted out by the use of one stick of dynamite at one blast—"for a little ways." We understand his answer to indicate that by the use of one stick at a time the work would be slower. He also said that one stick would not cause as great concussion as two, and probably this is common knowledge, as well as that six sticks would cause a much greater concussion, which the jury had a right to take into consideration. In connection with the proved effects of the explosions on the building,

this evidence was sufficient of itself to justify the jury in finding him guilty of negligence.

We have considered all the trial errors urged and find nothing therein to justify a reversal. The verdict is sustained by the evidence, was approved by the court, and the judgment rendered thereon is affirmed.