CATHERINE MORRISSEY v. CINCINNATI (CITY).

1. **Respondeat Superior Applies to City Contract Performed under Direction of City Inspector.**

Under a contract for city work, where the specifications provide that "the work is to be commenced at such time after date of contract as the board of public service may order and carried on in such places and in such manner as the engineer or inspector shall direct," the relation between the parties is not independent and the rule of respondeat superior applies.

2. **Liability of City for Damage Caused by Use of Dynamite in City Contract, Question of Fact for Jury.**

In an action for damages on account of injury to a building from the explosion of dynamite in the street, the question of negligence in the amount of dynamite used and the effects of its explosion upon surrounding buildings, and particularly that of the plaintiff, should be submitted to the jury.

[Syllabus approved by the court.]

---

*Affirmed, no op., Cincinnati v. Morrissey, 87 O. S. 000; 58 Bull. 75.

Hamilton County.

ERROR to common pleas court.

*Rogers Wright, Nathaniel Wright* and *John E. Fitzpatrick,* for plaintiff in error.

*Constant Southworth,* assistant city solicitor, for defendant in error.

**JONES, J.**

The plaintiff in error, Catherine Morrissey, filed her petition in the court of common pleas against the city of Cincinnati and John E. Mahoney.

She asks for damages against the defendants, alleging that while they were engaged in constructing a sewer in Kineon (now Bowman) avenue in said city, they "negligently and without the observance of proper care and caution exploded a large and excessive amount of dynamite, and that by reason of said explosion the foundation and walls of said plaintiff's house were shattered, the house walls were cracked," etc.

A demurrer was filed by Mahoney, which was afterwards sustained without objection from plaintiff, and the case proceeded to trial against the city only. At the close of plaintiff's evidence, and upon motion of defendant, the court directed the jury to return a verdict in favor of defendant. Later a judgment was entered upon said verdict, and it is to reverse this judgment that error is prosecuted in this court.

It appears that the ground upon which the court below granted the motion for a verdict was that the work was being done by an independent contractor (Mahoney) for whose acts the city was not liable. The contract between the city and Mahoney is in writing, and is a part of the bill of exceptions herein.

Where the entire contract is in writing, and the question of "independent contractor" is raised, it is doubtless within the province of the court to determine the relations of the contracting parties with respect to that question before submitting the case to the jury, as was done in this case.

The plaintiff in error contends that the lower court erred in holding that Mahoney was an independent contractor; and

Morrissey v. Cincinnati.

further, claims that the judgment below must be affirmed because there was no negligence shown by the evidence.

This leads us to a consideration of the two questions presented by the petition in error, and the able and exhaustive briefs of counsel in this case:

First. Was Mahoney an independent contractor?

Second. If not, is there any evidence, as shown by the bill of exceptions, tending to prove negligence on the part of Mahoney or his employes?

As has been said, the first question depends upon the written contract between the city and the contractor, and it must be determined from the language of that instrument whether or not Mahoney was an "independent contractor," as that term has been defined by the courts of this and other states.

From a careful examination of the authorities cited, there appears to be little or no conflict as to the proper tests and principles to be applied and followed in determining whether the relation created by a given contract is an independent one or that of master and servant.

"The chief consideration which determines one to be an independent contractor, is the fact that the employer has no right of control as to the mode of doing the work contracted for, * * *. If the employer has the right of control, it is immaterial whether he actually exercises it." 16 Am. & Eng. Enc. (2 ed.) p. 187.

It is true that contracts have in numerous instances been held to be independent where the right of inspection and supervision by engineers and inspectors is frequently reserved throughout the instrument, but in all of such cases the courts hold that from a reading of the whole contract it is apparent that the only purpose of such supervision is to bring about a satisfactory result, rather than to control the means used to bring about that result.

Section 51 of the general specifications, which are made a part of the contract in the case under consideration, is as follows:

"The work is to be commenced at such time after date of

Hamilton County.

contract as the board of public service may order, and carried on in such places and in such manner as the engineer or inspector shall direct.''

The excavation for the sewer was part of the work contracted for, and we think it clear that, under the provision just quoted, the city engineer or inspector had the right to control the manner of making the excavation, and to determine whether same should be by pick and shovel, blasting, steam shovel or otherwise, such right to be exercised reasonably and with a proper regard for the welfare of persons and property likely to be affected, as well as for the advantage of the contractor in the adoption of such method or manner as would cheapen and facilitate the execution of the contract.

It seems to us that the contract secures such right to the city without ambiguity. If any aids to construction were necessary, we think all the circumstances—the character of the ground, depth of excavation, power and duty of the city with reference to streets, contiguous buildings—all make such reservation on the part of the city appear reasonable and necessary.

In the case of *Cincinnati* v. *Stone*, 5 Ohio St. 38, the court in its syllabus says:

''Where the employer retains the control and direction over the mode and manner of doing the work, and an injury results, from the negligence of misconduct of the contractor or his servant or agent, the employer is placed under a liability equal and similar to that which exists in the ordinary case of principal and agent.''

The language upon which the city was held liable in the Stone case was as follows:

''The work to be done under the direction of the civil engineer, who shall have entire control over the manner of doing and shaping all or any part of the same, and whose directions must be strictly obeyed.''

It might be claimed that this is a greater control than given the employer in the case under consideration, but we are of the opinion that the contract in the present case gives the city the same right as was given the same city in the Stone case, and that the two clauses must be construed to mean the same.

Morrissey v. Cincinnati.

In the case of *Hughes* v. *Railway*, 39 Ohio St. 461, where it was sought to hold the railway company for the negligent acts of an employe, the Supreme Court affirmed the lower courts in holding the relation to be one of independent contractor, for the reason as stated in the opinion, that the company retained no control over the mode and manner of doing the work. In that opinion the court incorporates a copy of the contract, and no such right of control over the manner of doing the work, as is found in the case at bar, is reserved.

We are of the opinion that the relation between the parties to the contract in this case was not an independent one and that the rule of *respondeat superior* applies.

With reference to the second proposition we think there was evidence of negligence sufficient to warrant a consideration by the jury. Before trial the plaintiff amended her original petition reaffirming the allegations thereof, and adding the allegation that: "The use of dynamite for making the excavation in said street was negligence on the part of the defendant."

This court has since held that the use of dynamite for blasting is not negligence *per se*, which decision was affirmed by the Supreme Court, without report. *Armstrong* v. *Cincinnati*, 32 O. C. C. 714 (12 N. S. 76), affirmed, *Armstrong* v. *Cincinnati*, 82 Ohio St. 454.

Accordingly, the plaintiff added nothing to her case by the amendment. Neither did she subtract anything, and the allegation of negligence in the petition, as quoted above, remained. The defendant was charged with negligently using an excessive amount of dynamite, which, fairly construed, must be taken to mean that there was negligence on the part of the defendant in the quantity of the explosive used.

Other things being equal the jar or concussion produced by dynamite is in exact proportion to the amount of dynamite used.

Negligence is the want of care. It is the violation of a duty which one owes to so conduct himself and his business as not to injure others in person or property. In other words, it is a want of such a degree of care as a person of ordinary prudence and foresight would exercise under like circumstances.

The use of a given quantity of dynamite, for instance, in the open country, clearing land of trees and stumps, might ·be proper and harmless, while the use of the same quantity in a populous city for blasting would be grossly negligent or even criminal.

The evidence in this case showed the use of one and a half or two sticks of dynamite; showed where and for what purpose it was used. Also, showed the effect of the discharge upon adjacent houses, especially that of plaintiff.

We find nothing in the Armstrong case or other cases on the same point cited by counsel for defendant in error which will excuse the use of dynamite in such quantity as will do substantial injury to adjacent owners where such injury could have been foreseen as the natural result of such act.

The position taken by the city in presenting this phase of the case seems to be that under the rule laid down in the Armstrong case, holding that the use of dynamite is not negligence *per se,* the user of such explosive is only required to use care with reference to preparations for the explosion without any reference to quantity used or consequential injury to others.

That case does not so decide, and the proposition needs but to be stated to show the dangers and absurdities to which it would lead.

The language of the court in *Cherryvale* v. *Studyvin,* 76 Kan. 285 [91 Pac. Rep. 60; 11 L. R. A. (N. S.) 385], is in point:

"Negligence will not be presumed from the jarring of the earth or the concussion of the air, but the burden is upon the claimant to make it appear that the explosion was unnecessarily violent and carelessly prepared for, having regard to the place and the surroundings."

In this case, plaintiff's evidence shows the amount of dynamite used, the place and surroundings, the damage to plaintiff's property, and the question of negligence is one of fact to be determined by the jury.

The judgment of the court of common pleas will be reversed.

**Smith** and **Swing, JJ.,** concur.