No. 19,513.

JOSEPHINE ROST, *Appellee*, v. THE UNION PACIFIC RAILROAD COMPANY, *Appellant*.

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Building by Blasting—Negligence Must be Shown.* The rule announced in *Cherryvale v. Studyvin,* 76 Kan. 285, 91 Pac. 60, that in order to recover for damages caused by blasting, negligence must be shown, is followed.

2. SAME—*Evidence Sustains Findings of Negligence and Verdict.* While injury to the building was not of itself proof of negligent blasting, still as the evidence was such that negligence might fairly and reasonably be inferred therefrom, the verdict finding or necessarily implying negligence will not be disturbed.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed June 12, 1915. Affirmed.

*R. W. Blair, C. A. Magaw,* and *T. M. Lillard,* all of Topeka, for the appellant.

*R. A. Kope,* of Kansas City, and *Thomas F. Gatts,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued for damages to her house caused by blasting done by the defendant in making an excavation on its right of way near where the building is located. The petition alleged that the excavation was made by drilling holes and filling them with giant powder and other high explosives, resulting in cracking the outer wall of her building, which was of brick, and causing the plastering to break in places and fall. It was charged that "by reason of the careless and negligent acts of the defendant, its agent and employees, in discharging and exploding off excessive quantities of dynamite, giant powder and other highly explosive materials in close proximity to plaintiff's property," the plaintiff had been damaged in the sum of $2000, for which she asked judgment. The jury were instructed that the burden of proof was upon the plaintiff to prove the negligence alleged, and that such negligence could not be presumed but might be inferred from facts and circumstances. The plaintiff recovered and the defendant appeals and assigns error in overruling its demurrer to plaintiff's evidence, in denying the motion for a new trial and its request to direct a verdict, its theory being that no negligence was proved and hence no recovery can be had.

The rule in *Cherryvale v. Studyvin,* 76 Kan. 285, 91 Pac. 60, is relied upon. In that case it was decided that as a general proposition whenever an individual, corporation or municipality has the right to do and does a work of this character, and injury results without trespass, the injured party in order to recover must allege and prove that the injury resulted from negligence in the doing of the work. There is no disposition to depart from the result thus stated, and hence the theory contended for by the plaintiff that recovery may be had in the absence of negligence can not be approved.

A careful examination of the record, however, leads to the conclusion, like that in the Studyvin case, that the evidence did in fact warrant the jury in finding the defendant negligent. Although a permit had been procured, and although in a technical sense no express negligence was specifically described, still the plaintiff testified in substance that the blasting had been going on for several months, and "When the blasting was going on one day I was inside the building and felt the floor raising when the blasts went off. This was the last heavy blasting they did. It cracked a wide strip around the ceiling, which is there to this day. Then they blasted again and cracked it again. The crack appeared both in the ceiling and the wall and the plastering is loose now. This was one afternoon about four o'clock. It seemed to be an extra heavy blast." Another witness testified that she was in the building when the blast just described was set off and that it shook the whole building and that the windows shook. A fair inference from this is that on the day in question, after a long continuance of the work in a careful manner, excessive charges of explosives were used, that is, charges unnecessarily and carelessly excessive, resulting in damage. This does not mean that it is a case of *res ipsa loquitur* or that the mere fact of injury is proof of negligence. It simply means that after proceeding with the work for a long time without injury, all at once, on the day in question, although nearer the building than formerly, what appeared to be an extraordinary amount of explosives was used resulting in injury to the building, and that from the whole situation thus presented negligence at that time might fairly and reasonably be inferred.

The jury viewed the premises and heard the testimony, and in accordance with the clear instructions of the court found that the work had been negligently done. Giving the testimony and the inferences to be drawn therefrom due weight and consideration, it can

not be said that there was an entire failure to show negligence, and therefore within the rule of *Cherryvale v. Studyvin,* 76 Kan. 285, 91 Pac. 60, the verdict must be upheld.

The judgment is affirmed.