Jack BECKER and Catherine Becker, Appellants (Plaintiffs),

v.

Keith KREILEIN, Cindy Kreilein and Steven Krueger, Appellees (Defendants).

No. 19S01–0202–CV–133.

Supreme Court of Indiana.

June 25, 2002.

Mark K. Phillips, Phillips & Phillips, PC, Boonville, IN, Attorney for Appellants.

John B. Drummy, Brent R. Weil, Kightlinger & Gray, LLP, R.D. Zink, Henderson, Daily, Withrow & DeVoe, Indianapolis, IN, Attorneys for Appellees.

SHEPARD, Chief Justice.

Plumber Steven Krueger installed a new sewer line for homeowners Keith and Cindy Kreilein. He disconnected their old line from the main sewer line but left it uncapped, not realizing that it also served as the conduit for the next-door neighbors' sewage. The neighbors' sewage seeped up in the Kreilein's back yard and from there flowed downhill into Jack and Catherine

Beckers' basement. We hold that the Beckers have a cause of action against Krueger, but not against the Kreileins.

### Facts and Procedural History

The Kreileins lived in Jasper, next door to the Trujillos. The Beckers lived three lots downhill, across a publicly-owned alley, facing the opposite direction.

In October, 1996, the Kreileins first hired Krueger, a licensed plumber, to clear their blocked sewer line. After repeated attempts to clear the line failed, the Kreileins authorized its replacement in April 1997.

The old line ran beneath a garage and driveway. The Kreileins took Krueger's advice to install a new line in a slightly different location to avoid the expense of digging through the concrete and then repairing it. Krueger disconnected the old line from the Kreileins' home and the main sewer, but did not cap its two ends because the plumbing code did not require capping "dead lines" and Krueger did not think the line led anywhere else.

On May 11, 1997, Keith Kreilein noticed a wet area in his backyard. The next day Krueger came out to inspect the area and called the City of Jasper Utilities. City utility staff tested the Kreileins' sewer line that same day but found no leak originating from their house.

The area remained wet, however, so on May 16th the Kreileins again called the city utility office. Three days later city utility staff dye-tested the Trujillos' sewer line and learned that sewage from their house was draining into the Kreileins' backyard. On June 2, 1997, the City corrected the problem.

Unfortunately, heavy rain fell in the meantime, carrying sewage that had percolated to the surface of the Kreileins' yard downhill to the Beckers' property. The Beckers sued the Kreileins and Krueger, alleging that their house had been condemned as uninhabitable and that they had suffered life-threatening, permanent injury and other loss from exposure to raw sewage.

The trial court granted summary judgment in favor of all the defendants. The Court of Appeals reversed in a split decision. *Becker v. Kreilein,* 754 N.E.2d 939 (Ind.Ct.App.2001).

The Kreileins sought transfer to this Court, which we granted.

### Standard of Review

■ Summary judgment requires evidence that leaves no genuine issues of material fact. Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the non-movant. *Wright. v. Carter,* 622 N.E.2d 170 (Ind.1993).

■ On appeal from summary judgment, the reviewing court faces the same issues that were before the trial court and analyzes them the same way, although the trial court's decision is "clothed with a presumption of validity." *Ind. Dep't of State Revenue v. Caylor–Nickel Clinic, P.C.,* 587 N.E.2d 1311, 1312–13 (Ind.1992). While the non-movant bears the burden of demonstrating that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that the non-movant was not wrongly denied his or her day in court. *Mullin v. Mun. City of South Bend,* 639 N.E.2d 278 (Ind.1994).

### I. The Plumber Was an Independent Contractor

■ Indiana's long-standing general rule is that principals are not vicariously liable for the negligence of their independent contractors. *Bagley v. Insight Communications Co.,* 658 N.E.2d 584, 586 (Ind. 1995) (citing *Prest–O–Lite Co. v. Skeel,* 182

Ind. 593, 597, 106 N.E. 365, 367 (1914); *City of Logansport v. Dick*, 70 Ind. 65, 78 (1880)). Although whether someone is an employee or independent contractor is generally a question for the trier of fact, a court may make this determination if the significant underlying facts are undisputed. *Moberly v. Day*, 757 N.E.2d 1007 (Ind.2001). We therefore begin by determining whether the trial court properly held, as a matter of law, that Krueger was an independent contractor.[1]

The Beckers maintain that there is a genuine issue of material fact regarding whether Krueger was a servant or an independent contractor because "Krueger recommended the easiest, most cost efficient manner in which the work might be done, but the Kreileins made the ultimate decision." (Appellants' Br. at 17.) The common and sensible repairman's practice of obtaining customer authorization after diagnosing a problem but before implementing the most cost-effective solution was not, as a matter of law, enough to make Krueger the Kreileins' employee.

## II. Vicarious Liability for Independent Contractor Negligence

■ Indiana recognizes five exceptions to the general rule of non-liability of a principal for an independent contractor's negligence:

(1) where the contract requires the performance of intrinsically dangerous work; (2) where the principal is by law or contract charged with performing the specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will probably cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal.

*Bagley*, 658 N.E.2d at 586 (citation omitted). As Judge Friedlander correctly observed, these are the only bases for establishing a duty of care by a principal who acts through an independent contractor. *See Becker*, 754 N.E.2d at 949 (Friedlander, J., concurring in part and dissenting in part).

■ Exceptions one, two and five are clearly inapplicable. The key requirement of the third exception is that the act at issue was of a type that *will* create a nuisance. Standard sewer repairs do not necessarily (in fact, do not even usually) create a nuisance, so this exception also does not apply.

■ As to the fourth exception, the proper inquiry is whether, as a matter of law, the principal should have foreseen a danger that was "substantially similar to the accident that produced the complained-of injury." *Carie v. PSI Energy, Inc.*, 715 N.E.2d 853, 857 (Ind.1999) (citation omitted). The question here, then, is whether the Kreileins should have foreseen that, absent due precaution by Krueger in installing their new sewer line, the Trujillos' sewage would seep up into their yard and be washed downhill to contaminate another property. There is nothing to suggest that the Kreileins should have expected this outcome, so the fourth exception does not apply.

In summary, none of the exceptions to the general rule of non-liability of principals for the acts of independent contractors applies here. Therefore, the trial court correctly concluded that the Kreileins were entitled to summary judgment.

This does not leave the Beckers without potential recourse. The Court of Appeals

---

1. In *Mortgage Consultants, Inc. v. Mahaney*, 655 N.E.2d 493, 495–96 (Ind.1995), we adopted a ten-factor analysis to distinguish employees from independent contractors. *See Moberly*, 757 N.E.2d at 1009–10. Because it is the only potential issue of material fact invoked, we address only the single factor of control.

found a genuine issue of material fact concerning whether Krueger left the disconnected sewer line in a dangerously defective or imminently dangerous condition that created a risk of imminent personal injury. *Becker*, 754 N.E.2d at 948. It therefore reversed the summary judgment granted to Krueger. We summarily affirm the Court of Appeals ruling on this point. Ind. Appellate Rule 58(A)(2).

### Conclusion

We affirm summary judgment in favor of the Kreileins. We reverse the summary judgment granted to Krueger.

SULLIVAN, BOEHM, and RUCKER, JJ., concur.

DICKSON, J., dissents and would also reverse the summary judgment favoring the Kreileins, believing that they should have foreseen that an uncapped sewer line would result in the discharge of sewage.